IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HAWAI`I WILDLIFE FUND, a Hawaii non-profit corporation; SIERRA CLUB-MAUI GROUP, a non-profit corporation; SURFRIDER FOUNDATION, a non-profit corporation; and WEST MAUI PRESERVATION ASSOCIATION, a Hawaii non-profit corporation,<br><br>      Plaintiffs,<br><br>  vs.<br><br>COUNTY OF MAUI,<br><br>      Defendant. | CIVIL NO. 12-00198 SOM/BMK<br><br>ORDER DENYING MOTION FOR CERTIFICATION FOR INTERLOCUTORY APPEAL AND DENYING MOTION TO STAY PROCEEDINGS |

**ORDER DENYING MOTION FOR CERTIFICATION FOR INTERLOCUTORY APPEAL AND DENYING MOTION TO STAY PROCEEDINGS**

**I.    INTRODUCTION.**

Defendant County of Maui (the "County") moves for certification for interlocutory appeal of this Court's summary judgment orders of May 30, 2014, and January 23, 2015. See ECF No. 169. The County also moves for a stay of further proceedings in this action during the pendency of an appeal. Id. Both motions are denied.[1]

**II.    STANDARD.**

Appeals are generally permitted only from orders that

---

[1] The court decides this matter without a hearing pursuant to Local Rule 7.2(d).

"end the litigation on the merits and leave nothing for the court to do but execute the judgment." Couch v. Telescope Inc., 611 F.3d 629, 632 (9th Cir. 2010) (internal quotation marks and brackets omitted); accord Madoff v. Bold Earth Teen Adventures, Civ. No. 12-00470 SOM/RLP, 2013 WL 3179525, at *2 (D. Haw. June 20, 2013) ("The general rule is that an appellate court should not review a district court ruling until after entry of a final judgment.").

However, 28 U.S.C. § 1292(b) contains a narrow exception to the final judgment rule permitting immediate review of certain nonfinal orders. The County seeks certification of this court's summary judgment orders pursuant to that exception.

Under 28 U.S.C. § 1292(b):

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

Thus, pursuant to 28 U.S.C. § 1292(b), a district court may

certify an interlocutory appeal if it is of the opinion that (1) the order involves a controlling question of law, (2) there is substantial ground for difference of opinion, and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation.

The party seeking an interlocutory appeal bears the "burden of demonstrating 'exceptional circumstances' justifying a departure from the basic policy of postponing appellate review until a final judgment has issued." Madoff, 2013 WL 3179525, at *3. Because § 1292(b) "is a departure from the normal rule that only final judgments are appealable", it "must be construed narrowly." James v. Price Stern Sloan, Inc., 283 F.3d 1064, 1068 n.6 (9th Cir. 2002).

Whether to certify an order for interlocutory appeal is "within the sound discretion of the district court." Envtl. Prot. Info. Ctr. v. Pac. Lumber Co., No. C 01-2821, 2004 WL 838160, at *2 (N.D. Cal. Apr. 19, 2004). "Even where the district court makes such a certification, the court of appeals nevertheless has discretion to reject the interlocutory appeal, and does so quite frequently." James, 283 F.3d at 1068 n.6.

**III.   ANALYSIS.**

This court declines to certify its summary judgment orders for interlocutory appeal.

Certification of an interlocutory order under 28 U.S.C.

§ 1292(b) should be granted only in "rare" or "extraordinary" circumstances. James, 283 F.3d at 1068 n.6; U.S. Rubber Co. v. Wright, 359 F.2d 784, 785 (9th Cir. 1966). Those circumstances are not present in this case.

The County has failed to demonstrate that an immediate appeal from this court's summary judgment orders will materially advance the ultimate termination of this litigation. After years of litigation leading to rulings concerning liability, this court is set to address the penalty phase and to issue a final judgment within a matter of months. It makes little sense, at this stage of the proceedings, to permit certification.

The County asserts that it is "obvious" that an interlocutory appeal could materially advance termination of this lawsuit because "[i]f the Ninth Circuit were to reverse and hold the County did not violate the Clean Water Act, the lawsuit would be over." ECF No. 169-1, PageID # 5952. The same could be said about many summary judgment orders, making it difficult for this court to agree with the County that this is the extraordinary case in which certification is appropriate.

The County also contends that certification would avoid the expenditure of resources on the penalty phase of this case. ECF No. 169-1, PageID # 5952. But the resources that would be saved do not appear significant when compared with the resources that have already been expended. While certification may be

4

warranted when "decision of an interlocutory appeal might avoid protracted and expensive litigation," Wright, 359 F.2d at 785, nothing in this case indicates that further protracted and expensive litigation is likely. In fact, the parties have already filed papers and engaged in discovery relevant to the penalty phase.

Nor is the court persuaded by the County's contention that certification is appropriate given "the owners of the thousands of other injection wells in the State who are now in regulatory limbo." ECF No. 169-1, PageID # 5954. Even assuming that there are indeed thousands of other injection wells to which this court's analysis might apply, this court's rulings are clear enough that the owners of those wells can determine whether their wells are affected. This court's rulings might, of course, be reversed, but that is true of any trial court ruling. In short, that does not make the present situation extraordinary.

The County also focuses on the penalties it may be subject to as a result of this court's rulings. The County complains that "Plaintiffs allege a statutory maximum penalty in excess of $450 million" and that the County "either must deprive [] homes and businesses of wastewater services or face the prospect of additional crippling penalties because of continued unpermitted discharges into the wells." ECF No. 169-1, PageID #s 5946-47. The County is in this situation because it has violated

the Clean Water Act. The County's concern is understandable, but it does not demonstrate that certification is appropriate in this case.

In its reply memorandum, the County contends that any prejudice Plaintiffs might suffer from an interlocutory appeal and a stay pending appeal can be eliminated by an order requiring the County to "in good faith . . . apply for and try to obtain an NPDES permit." ECF No. 182, PageID #s 6352, 6361. According to the County, an "added benefit" of an order including an injunction and that requirement is that the County could appeal from such an order as of right. Id. at PageID # 6352.

The court declines the County's invitation to issue such an injunction in response to the County's motion for certification of an interlocutory appeal and for a stay. Because the court is scheduled to consider penalties over the next few months, there is no reason to issue such an injunction now. And, of course, the County needs no court order to pursue a permit.

Because the County fails to demonstrate that an immediate appeal from the summary judgment orders may materially advance the ultimate termination of this litigation, this court does not certify the orders for interlocutory appeal.

**IV.       CONCLUSION.**

The County's motion for certification for interlocutory appeal is denied. As a result of that ruling, the County's

motion for stay pending appeal is also denied.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 9, 2015.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge


Hawai`i Wildlife Fund, et al. v. County of Maui; Civil No. 12-00198 SOM/BMK; ORDER DENYING MOTION FOR CERTIFICATION FOR INTERLOCUTORY APPEAL AND DENYING MOTION TO STAY PROCEEDINGS