IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| HAWAI`I WILDLIFE FUND; SIERRA CLUB-MAUI GROUP; SURFRIDER FOUNDATION; and WEST MAUI PRESERVATION ASSOCIATION | ) ) ) ) ) ) ) ) ) ) ) ) ) | CIV. NO. 12-00198 SOM/KJM<br><br>ORDER DENYING DEFENDANT COUNTY OF MAUI'S REQUEST FOR A PRETRIAL EVIDENTIARY HEARING PURSUANT TO RULE 702 OF THE FEDERAL RULES OF EVIDENCE |
| Plaintiffs, | | |
| vs. | | |
| COUNTY OF MAUI, | | |
| Defendant. | | |

**ORDER DENYING DEFENDANT COUNTY OF MAUI'S MOTION FOR A PRETRIAL EVIDENTIARY HEARING PURSUANT TO RULE 702 OF THE FEDERAL RULES OF EVIDENCE**

**I.      INTRODUCTION.**

Citing Rule 702 of the Federal Rules of Evidence, Defendant County of Maui seeks a pretrial evidentiary hearing in aid of having this court exclude from evidence a June 2013 Lahaina Groundwater Tracer Study and any opinions relying on that study.  The County of Maui argues that the study was so flawed that witnesses and documents relying on it should be excluded as unreliable.

A nonjury trial in this case is set to begin this fall.  Now pending before this court is Plaintiffs' motion for summary judgment, which Plaintiffs contend does not rely on the disputed evidence.  At this point, this court denies the County of Maui's

request.  This denial is without prejudice to a later challenge by the County of Maui to the evidence.

**II.       ANALYSIS.**

The Lahaina Wastewater Reclamation Facility on the island of Maui filters and disinfects sewage from about 40,000 people.  The resulting wastewater is discharged into four injection wells.  Plaintiffs allege that the discharge leads to Clean Water Act violations.

This case is now on remand to this court, following a decision by the United States Supreme Court.  The County of Maui is not disputing that "injectate pumped into injection wells 3 and 4 eventually finds its way to the Lahaina coastline, emerging with groundwater into the ocean off Kahekili Beach and along Maui's west shore."  ECF No. 422-1, PageID # 9790.  The evidence that the County of Maui seeks to exclude relates to the extent of the injectate reaching the ocean.  The County of Maui argues that the June 2013 Lahaina Groundwater Tracer Study and evidence grounded on that study are unreliable.

Under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993), this "judge must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable."  But that does not mean that this judge must hold an evidentiary hearing well in advance of trial.  *See United States v. Alatorre*, 222 F.3d 1098, 1104 (9th Cir. 2000) (trial

court has discretion with respect to timing of *Daubert* hearing and need not conduct a pretrial hearing). Here, Plaintiffs have moved for summary judgment, which, if granted, would make deciding any Rule 702 request unnecessary. Plaintiffs represent that their motion does not rely on the disputed evidence that the County of Maui is seeking to exclude. *See* ECF No. 433, PageID # 10966. While the County of Maui says Plaintiffs' motion does rely on such evidence, *see* ECF No. 436, PageID #s 10995-99, judicial economy may nevertheless be served by deciding the summary judgment motion first. The County of Maui may, of course, raise the reliability of the June 2013 Lahaina Groundwater Tracer Study in opposition to Plaintiffs' motion for summary judgment. The court is certainly not saying here that the study is reliable. Rather, this court is saying that the County of Maui has not shown that the court must decide the issue in advance of considering the pending summary judgment motion.

A major purpose of a court's *Daubert* gatekeeping function is to ensure that the trier of fact is not unduly prejudiced. However, when cases involve bench trials, as here, the gatekeeping function is less pressing. *See M.G. v. Bodum USA, Inc.*, 2021 WL 718839, at *13 (N.D. Cal. Feb. 24, 2021); *see also Deal v. Hamilton Cty. Bd. of Educ.*, 392 F.3d 840, 852 (6th Cir. 2004) ("The 'gatekeeper' doctrine was designed to protect juries and is largely irrelevant in the context of a bench

trial."); *Boeing Co. v. KB Yuzhnoye*, 2015 WL 12803452, at *4 (C.D. Cal. Nov. 3, 2015) ("Plaintiffs' concerns about admitting expert legal opinion will be lessened where, as here, this Court sits as the trier of fact."). In this case, it might turn out that the court can perform its gatekeeping function when the disputed evidence is offered during the bench trial.

Indeed, it is not entirely clear that the dispute over the study should be viewed as one of the admissibility, as opposed to merely the weight, of the evidence. The court declines to hold an evidentiary hearing at this time.

### III.    CONCLUSION.

The court denies the County of Maui's motion for a pretrial evidentiary hearing pursuant to Rule 702 of the Federal Rules of Evidence. This order is without prejudice to the raising of future challenges to the June 2013 Lahaina Groundwater Tracer Study or any evidence based on that study.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 7, 2021.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*HAWAII WILDLIFE FUND, et al. v. COUNTY OF MAUI*, Civ. No. 12-000198 SOM/KJM; ORDER DENYING DEFENDANT COUNTY OF MAUI'S REQUEST FOR A PRETRIAL EVIDENTIARY HEARING PURSUANT TO RULE 702 OF THE FEDERAL RULES OF EVIDENCE