DEPARTMENT OF THE CORPORATION COUNSEL 205
MOANA M. LUTEY                6385
Corporation Counsel
RICHELLE M. THOMSON           8965
First Deputy Corporation Counsel
BRIAN A. BILBERRY             7260
Deputy Corporation Counsel
County of Maui
200 South High Street
Wailuku, Maui, Hawaii  96793
Telephone No.: (808) 270-7741

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAIʻI

| | |
|---|---|
| HAWAIʻI WILDLIFE FUND, a Hawaiʻi non-profit corporation, SIERRA CLUB - MAUI GROUP, a non-profit corporation, SURFRIDER FOUNDATION, a non-profit corporation, and WEST MAUI PRESERVATION ASSOCIATION, a Hawaiʻi non-profit corporation,<br><br>            Plaintiffs,<br><br>    v.<br><br>COUNTY OF MAUI,<br><br>            Defendant. | CIVIL NO. 12-00198 SOM KJM<br><br>DEFENDANT COUNTY OF MAUI'S MOTION FOR RECONSIDERATION PURSUANT TO FRCP RULE 60 and L.R. 60.1; MEMORANDUM IN SUPPORT OF MOTION; CERTFICATE OF SERVICE<br><br>NON-HEARING MOTION<br><br>Judge:  Hon. Judge Susan O. Mollway |

DEFENDANT COUNTY OF MAUI'S
MOTION FOR RECONSIDERATION PURSUANT
TO FRCP RULE 60 and L.R. 60.1

As a matter of first impression, pursuant to FRCP Rule 60 and L.R. 60.1 (c), Defendant County of Maui seeks reconsideration of the District Court's Amended Order Granting Plaintiffs' Motion for Summary Judgment, et seq. ("Amended Order") [ECF No. 479], and the Judgment [ECF No. 480] both filed July 26, 2021.

The Amended Order appears to make "manifest error[s] of law [and] fact" as follows:

1) The Amended Order's "raw-volume-of-pollutant" determination assumes the Kahekili nearshore seeps are a conduit. Pursuant to the U.S. Supreme Court's functional equivalent standard, however, the analysis is whether the *discharge and transmission* of treated wastewater mixed with groundwater *from the injection wells* at the Lahaina Wastewater Reclamation Facility ("LWRF") to the ocean is functionally equivalent to a direct discharge. By focusing on only a small percentage after it emerges into the ocean, the Amended Order's raw-volume-of-pollutant determination abrogates the U.S. Supreme Court standard, and appears to resurrect the vacated "conduit theory."

2) Under consideration of any of the factors illustrated by the Supreme Court, 98 percent of treated wastewater from the LWRF by definition cannot constitute the functional equivalent of *any* direct discharge, defined as a "discernible, confined and discrete conveyance" from a "point source." The 2013 Tracer Study dye measurements and data are insufficient to estimate the location

*and time period* of emergence of 98 percent of the fluorescein ("FLT") tracer dye introduced into wells 3 and 4 at the LWRF. The inability to determine the transport and fate of this vast proportion of tracer dye [as a surrogate for injected wastewater] both spatially *and temporally*, only allows for speculation, and reflects Plaintiffs' inability to make their burden of proof;

3) The Amended Order's conclusion that the "wastewater as a whole is considered the pollutant" in its "raw-volume-of-pollutant" determination is at odds with and makes consideration of any dilution, chemical change, and the degree to which any pollutant maintains its specific identity irrelevant. It also conflates the meaning of "pollutant" as provided in 33 U.S.C. § 1362(6) [the Clean Water Act], which does not consider *mass or volume* of discharge in its definition;

4) The Amended Order's determination of the "relative amount of pollutant" at 100% pursuant to the U.S. Supreme Court's standard, overlooks the express admonition in the Maui decision of this as overbroad, and results in the Amended Order reasserting the "traceability test" that has been expressly vacated by the U.S. Supreme Court;

5) A fair reading of the Amended Order's application of the "relative amount of pollutant" under the U.S. Supreme Court's standard exposes customers of reclaimed wastewater for irrigation and surface use to potential NPDES permit liability;

3

6) While the EPA Guidance Memorandum flagged by the District Court may not bind the public, it should be given more appropriate weight as the guidance document from a federal agency with authority and vast experience, given to local regulatory and permitting authorities for evaluating whether particular groundwater discharges may require an NPDES permit, and under the holdings in <u>Chevron U.S. A. Inc.</u>, *infra*, and <u>U.S. v. Meade</u>, *infra*. The guidelines reflect the EPA's previous experience with "hundreds of thousands of NPDES permits," *to include discharges through groundwater*;

7) Pursuant to the EPA Guidance Memorandum, the design and performance of the LWRF as a reclamation facility under the aegis of the EPA is relevant to the functional equivalent analysis, and should be given appropriate weight. The guidelines echo the EPA's actual involvement in the funding, design, and construction of the LWRF as a water reclamation facility.

//

//

//

//

//

//

//

This Motion for Reconsideration is brought pursuant to Rule 60 of the Federal Rules of Civil Procedure, and Local Rule 60.1 (c). It is based on the Memorandum in Support, and pleadings and filings made in this case. The motion is made following the conference of counsel pursuant to LR7.8 which took place on August 19, 2021.

    DATED:    Wailuku, Maui, Hawaii, August 19, 2021.

                               MOANA M. LUTEY
                               Corporation Counsel
                               Attorney for Defendant/Appellee
                               COUNTY OF MAUI

                               By   /s/ Brian A. Bilberry
                                      BRIAN A. BILBERRY
                                      Deputy Corporation Counsel