DAVID L. HENKIN        #6876
MAHESH CLEVELAND      #11023
EARTHJUSTICE
850 Richards Street, Suite 400
Honolulu, Hawai'i 96813
Telephone No.: (808) 599-2436
Fax No.: (808) 521-6841
Email:  dhenkin@earthjustice.org
        mcleveland@earthjustice.org

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAI'I

| | |
|---|---|
| HAWAI'I WILDLIFE FUND, a Hawai'i non-profit corporation, SIERRA CLUB - MAUI GROUP, a non-profit corporation, SURFRIDER FOUNDATION, a non-profit corporation, and WEST MAUI PRESERVATION ASSOCIATION, a Hawai'i non-profit corporation, <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF MAUI, <br><br> Defendant. | CIVIL NO. 12-00198 SOM KJM <br><br> DECLARATION OF ISAAC H. MORIWAKE |

DECLARATION OF ISAAC H. MORIWAKE

I, ISAAC H. MORIWAKE, declare that, if called as a witness in this action, I could testify of my own personal knowledge under penalty of perjury that:

1.      I am an attorney licensed to practice in the State of Hawai'i and before this Court. I am the managing attorney of the Mid-Pacific (Honolulu) Office of Earthjustice, the attorneys of record for Plaintiffs Hawai'i Wildlife Fund, Sierra Club-Maui Group, Surfrider Foundation and West Maui Preservation Association in this action.

2.      If called as a witness, I could and would testify competently to the matters set forth herein. I submit this declaration in support of Plaintiffs' claim for legal fees based on my work in this case.

3.      I graduated with honors from the University of Hawai'i William S. Richardson School of Law in 1998. After law school, I served as a judicial law clerk for the Honorable Paula A. Nakayama, Associate Justice of the Hawai'i Supreme Court, and was an associate attorney at Alston Hunt Floyd & Ing. I have been practicing public interest environmental litigation with Earthjustice since 2002.

4.      I have extensive public interest environmental litigation experience and am well-versed in environmental litigation in Hawai'i in matters arising under numerous state and federal environmental laws. During my almost two decades

with Earthjustice, I have represented dozens of clients in both state and federal court, at the trial and appellate levels, and in agency proceedings.

5.     Immediately following the United States Supreme Court's grant of certiorari in February 2019, I joined the litigation team for this case. My primary responsibility was to engage with the Maui County Mayor and Council in an effort to reach a settlement that would avoid the need for further litigation. Those efforts proved successful with respect to the Maui County Council, which adopted a resolution on September 20, 2019, to settle the case. Maui County Mayor Michael Victorino refused to comply with the resolution, however, so litigation before the Supreme Court went forward.

6.     Attached hereto as Exhibit 25 are excerpts from a true and correct copy of the Minutes of the Council of the County of Maui's September 20, 2019, meeting that reflect the Council's vote to settle litigation before the Supreme Court. These minutes are available at

https://mauicounty.legistar.com/View.ashx?M=M&ID=720926&GUID=8B1CB6FD-FCD3-4732-A90C-2041546B7AF1 (last visited Sept. 21, 2021).

7.      I have reviewed and approved the time set forth in Exhibit 1. The entries on this timesheet represent only a fraction of the time I spent working on this case. I spent additional time reviewing internal emails, participating in internal strategy calls, addressing press inquiries, or performing other tasks. In the exercise

of billing judgment, Plaintiffs are not seeking to recover for this time. In the further exercise of billing judgment, Plaintiffs also are not seeking to recover for 72.4 hours of my time that are detailed in Exhibit 1.

8.     All of my time for which Plaintiffs are seeking recovery was reasonably necessary for me to perform my role in the case, which sought to bring this litigation to a prompt end through settlement, so that Defendant could focus on bringing operation of the Lahaina injection wells into compliance with the Clean Water Act, rather than on expending time and effort on continued litigation.

9.     In opposing Plaintiffs' request to recover for the time I spent engaging with the Maui County Mayor and Council, Defendant inaccurately claims that my efforts involved "improper *ex parte*" contacts. Putting aside for now that Plaintiffs and their counsel have a First Amendment right to contact elected officials regarding matters of public policy like those at issue in this case (a legal matter that is addressed in Plaintiffs' moving papers), as a factual matter, the County's attorneys were present during nearly every meeting I attended with the County's elected officials and copied on nearly every email. Accordingly, as a purely factual matter, almost none of my activities for which Plaintiffs seek an award involved *ex parte* contacts.

10.     For example, on April 1, 2019, I sent an email to then-Council Chair Kelly King that detailed the available procedures for the County to dismiss its

3

pending appeal before the U.S. Supreme Court, as well as the obligations on the County that such a dismissal would trigger. Attached hereto as Exhibit 26 is a true and correct copy of this email. While Defendant has flagged this email as an *ex parte* communication, I copied then-Deputy Corporation Counsel Ed Kushi on the email.

11.    Similarly, on April 9, April 16, and June 3, 2019, I traveled to Maui to discuss potential settlement with Mayor Victorino. While Defendant claims these meetings were *ex parte*, attorneys from the Department of the Corporation Counsel (Deputy Corporation Counsel, Richelle Thompson, then-Deputy Corporation Counsel Ed Kushi, and/or Corporation Counsel Moana Lutey) were present at all of these meetings.

12.    In reviewing my time entries in connection with drafting this Declaration, I noted that I attended two additional meetings with Mayor Victorino to discuss potential settlement, which occurred on March 11 and May 8, 2019 (attorneys from the Department of the Corporation Counsel attended both meetings, as explained above, and David Henkin—Plaintiffs' lead counsel—attended the May 8, 2019 meeting). These meetings were inadvertently omitted from Plaintiffs' fees request.  Thus, Plaintiffs' requests for the time spent meeting with the Mayor to discuss settlement include only part of the total time spent for this purpose.

13.    Attorneys from the Department of the Corporation Counsel were likewise present at all of the County Council and committee meetings that I attended and at which I testified. At the County Council's April 23, 2019 meeting, then-Acting Corporation Counsel Moana Lutey, Mr. Kushi and Ms. Thomson were present. Mr. Kushi and Ms. Thomson were both present at the September 3, 2019, meeting of the Maui County Council's Government, Ethics, and Transparency ("GET") Committee. Ms. Lutey, Mr. Kushi, and Ms. Thomson were present at the GET Committee's September 6, 2019, meeting. Mr. Kushi was present at the Maui County Council's September 20, 2019, meeting, at which the Council approved settling this case. My presence and testimony at these meetings were not *ex parte*.

14.    Attached hereto as Exhibit 27 are excerpts from a true and correct copy of the Minutes of the Council of the County of Maui's April 23, 2019, meeting. These minutes are available at

https://mauicounty.legistar.com/View.ashx?M=M&ID=689866&GUID=FF306154-FF38-48B0-A691-6698089CC7D4 (last visited Sept. 21, 2021).

15.    Attached hereto as Exhibit 28 are excerpts from a true and correct copy of the minutes of the September 3, 2019, meeting of the Maui County Council's GET Committee. These minutes are available at

https://mauicounty.legistar.com/View.ashx?M=M&ID=712341&GUID=3B5719ED-306C-4B22-BF59-2BD9F3B65084 (last visited Sept. 21, 2021).

16.    Attached hereto as Exhibit 29 are excerpts from a true and correct copy of the minutes of the September 6, 2019, meeting of the Maui County Council's GET Committee. These minutes are available at

https://mauicounty.legistar.com/View.ashx?M=M&ID=719190&GUID=84186003 -5D0A-4A3F-9CCE-B9D7ABB2EA19 (last visited Sept. 21, 2021).

17.    Defendant is also incorrect in objecting that my settlement efforts were "non-legal" in nature. My discussions with the County's elected officials regarding settlement required a detailed understanding of the legal issues related to this case. My April 1, 2019 email to then-Chair King (Exhibit 26) reflects the type of detailed legal analysis that characterized my outreach. These type of settlement communications require the knowledge and skills of a lawyer, not a layperson.

18.    Defendant objects to my time entry for June 14, 2019 (2.4 hours spent on "Email to allies re status") on the grounds that it provides an "insufficient description of tasks." To clarify, the entry should read "Emails" (plural); the 2.4 hours includes a combination of at least seven emails to client and allied organizations, all of which related to informing, planning, and updating our ongoing efforts to convince County officials to settle the case and focus on fixing the injection wells, rather than continue litigation.

19.    On March 11, 2019, I traveled to Maui to discuss settlement with Mayor Victorino. Deputy Corporation Counsels Thomson and Kushi attended this

6

meeting. Attached hereto as Exhibit 30 are true and correct copies of the travel expenses for this trip that Plaintiffs seek to recover, with confidential information related to other matters and personal information redacted.

20. On April 9, 2019, I traveled to Maui to discuss settlement with Mayor Victorino and Chair King. Attached hereto as Exhibit 31 are true and correct copies of the travel expenses for this trip that Plaintiffs seek to recover, with confidential information related to other matters and personal information redacted.

21. On September 6, 2019, I traveled to Maui to attend and testify at the meeting of the Maui County Council's GET Committee. Attached hereto as Exhibit 32 is a true and correct copy of the receipt from Hawaiian Airlines for my travel to and from this meeting, with confidential personal information redacted.

22. On September 20, 2019, I traveled to Maui to attend and testify at the meeting of the Maui County Council. Attached hereto as Exhibit 33 is a true and correct copy of the receipt from Hawaiian Airlines for my travel to and from this meeting, with confidential personal information redacted.

23. On September 3, 2019, I traveled to Maui to attend and testify at the meeting of the Maui County Council's GET Committee. Attached hereto as Exhibit 34 are true and correct copies of the travel expenses for this trip and an additional travel expense from my attendance at the Maui County Council's

7

September 20, 2019, meeting that Plaintiffs seek to recover, with confidential

information related to other matters and personal information redacted.

I declare under penalty of perjury that I have read the foregoing declaration

and know the contents thereof to be true of my own knowledge.

DATED:  Honolulu, Hawaiʻi, September 27, 2021.

_____
ISAAC H. MORIWAKE

8