DAVID L. HENKIN          #6876
MAHESH CLEVELAND      #11023
EARTHJUSTICE
850 Richards Street, Suite 400
Honolulu, Hawaiʻi 96813
Telephone No.: (808) 599-2436
Fax No.: (808) 521-6841
Email:  dhenkin@earthjustice.org
         mcleveland@earthjustice.org

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAIʻI

| | |
|---|---|
| HAWAIʻI WILDLIFE FUND, a Hawaiʻi non-profit corporation, SIERRA CLUB - MAUI GROUP, a non-profit corporation, SURFRIDER FOUNDATION, a non-profit corporation, and WEST MAUI PRESERVATION ASSOCIATION, a Hawaiʻi non-profit corporation, <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF MAUI, <br><br> Defendant. | ) CIVIL NO. 12-00198 SOM KJM <br> ) <br> ) DECLARATION OF SAMBHAV <br> ) SANKAR <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

DECLARATION OF SAMBHAV SANKAR

I, SAMBHAV SANKAR, declare that, if called as a witness in this action, I could testify of my own personal knowledge under penalty of perjury that:

1.      I am the Senior Vice President for Programs at Earthjustice, the attorneys of record for plaintiffs Hawaiʻi Wildlife Fund, Sierra Club-Maui Group, Surfrider Foundation and West Maui Preservation Association in this action. If called as a witness, I could and would testify competently to the matters set forth herein. I submit this declaration in support of Plaintiffs' claim for legal fees based on my work in this case.

2.      I graduated from Berkeley Law in 2000.

3.      After graduation, I clerked for Judge Willy Fletcher of the U.S. Court of Appeals for the Ninth Circuit (2000-2001), Judge Louis Pollak of the Eastern District of Pennsylvania (2001-2002), and Associate Justice Sandra Day O'Connor of the Supreme Court of the United States (2003-2004).

4.      In between my clerkship for Judge Pollak and my clerkship for Justice O'Connor, I worked at the Appellate Section of the U.S. Department of Justice's Civil Division from 2002-2003. There, my practice focused primarily on federal appellate and Supreme Court litigation.

5.      After completing my clerkships, I worked in private practice at WilmerHale in Washington D.C. from 2005-2008, where my practice focused primarily on federal appellate and Supreme Court litigation. I then worked as a

trial attorney in the Appellate Section of the U.S. Department of Justice's

Environment and Natural Resources Division from 2008-2012. At the Justice

Department, my practice focused primarily on federal appellate and Supreme Court

litigation regarding environmental matters.

6. From 2012-2016, I served as Senior Executive Counsel of

Environment Health and Safety Programs at General Electric. From 2016-2019, I

served as Senior Advisor for Conservation Technology to the Nature Conservancy,

and then Executive Director of the Environmental Council of the States.

7. Since 2019, I have been Senior Vice President for Programs at

Earthjustice and work out of Earthjustice's Washington, D.C. office. In that

capacity, I oversee the litigation of over 600 matters by over 170 Earthjustice

attorneys in fourteen offices across the country, including our office in Honolulu.

8. I have been an active member in good standing of the District of

Columbia Bar since 2006 and of the United States Supreme Court Bar since 2005.

In addition, I was admitted to the California Bar in 2001, where I am currently on

inactive status.

9. During my time as a law clerk at the Supreme Court of the United

States, I wrote over 100 memos to the Court analyzing petitions for certiorari and

providing recommendations for their disposition, as well as scores of bench memos

for Justice O'Connor regarding merits cases. During the course of my private and

government litigation practice, I worked on dozens of briefs to the U.S. Supreme Court, including petitions and oppositions to certiorari, as well as merits briefs.

10.    Because of my experience with litigation before the U.S. Supreme Court, after the Court granted certiorari in this case, I joined Plaintiffs' litigation team and participated actively in developing Plaintiffs' strategy for the Supreme Court phase of the case, drafting Plaintiffs' merits brief, and preparing David Henkin, Plaintiffs' lead counsel, for oral argument.

11.    I have reviewed and approved the time set forth in Exhibit 1. The entries on this timesheet represent only a fraction of the time I spent working on this case. I did not record additional time that I spent reviewing internal emails, participating in internal strategy calls, managing advocacy by partner organizations, or addressing press inquiries. I also did not record time spent meeting with Mr. Henkin in Washington, D.C., to familiarize him with Supreme Court practice and Court procedures, or to prepare him for oral argument. I estimate that I spent at least 50 hours on such work, which I did not record on my timesheet. This unrecorded time contributed to Plaintiffs' success before the Supreme Court, but they do not seek recovery for that time.

12.    In the further exercise of billing judgment, Plaintiffs do not seek to recover for time I spent on background reading to familiarize myself with the case.

3

All of my time for which Plaintiffs are seeking recovery was reasonably necessary for me to perform my role in the case, which helped secure an excellent result.

I declare under penalty of perjury that I have read the foregoing declaration and know the contents thereof to be true of my own knowledge.

DATED:  Washington, D.C., September 21, 2021.

SAMBHAV SANKAR

4