DAVID L. HENKIN          #6876
MAHESH CLEVELAND         #11023
EARTHJUSTICE
850 Richards Street, Suite 400
Honolulu, Hawai‘i 96813
Telephone No.: (808) 599-2436
Fax No.: (808) 521-6841
Email:  dhenkin@earthjustice.org
        mcleveland@earthjustice.org

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAI‘I

| | |
|---|---|
| HAWAI‘I WILDLIFE FUND, a Hawai‘i non-profit corporation, SIERRA CLUB - MAUI GROUP, a non-profit corporation, SURFRIDER FOUNDATION, a non-profit corporation, and WEST MAUI PRESERVATION ASSOCIATION, a Hawai‘i non-profit corporation,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF MAUI,<br><br>Defendant. | CIVIL NO. 12-00198 SOM KJM<br><br>DECLARATION OF MAHESH CLEVELAND |

DECLARATION OF MAHESH CLEVELAND

I, MAHESH CLEVELAND, declare that, if called as a witness in this action, I could testify of my own personal knowledge under penalty of perjury that:

1.      I am an attorney licensed to practice in the State of Hawai'i and before this Court. I am an associate attorney in the Mid-Pacific (Honolulu) Office of Earthjustice, the attorneys of record for Plaintiffs Hawai'i Wildlife Fund, Sierra Club-Maui Group, Surfrider Foundation and West Maui Preservation Association in this action.

2.      If called as a witness, I could and would testify competently to the matters set forth herein. I submit this declaration in support of Plaintiffs' claim for legal fees based on my work in this case

3.      I graduated from the University of Hawai'i William S. Richardson School of Law in 2018. I competed in the National Environmental Law Moot Court Competition, for which I won team brief and oralist awards, and was a member of the law school's International Union for the Conservation of Nature team.

4.      After graduation, I served as a law clerk for the Honorable Todd W. Eddins, who, at the time, was a circuit court judge of the First Circuit Court, State of Hawai'i.

5.      I joined Earthjustice in 2019 after concluding my clerkship. I focus exclusively on environmental litigation in the federal and state courts, as well as administrative proceedings.

6.      I joined Plaintiffs' litigation team in August 2019, shortly after I started working at Earthjustice. During the Supreme Court phase of this litigation, I primarily supported Plaintiffs' efforts to secure a settlement. On remand to this Court from the Supreme Court, I have been involved in all aspects of Plaintiffs' litigation efforts, from discovery to motions practice.

7.      I have reviewed and approved the time set forth in Exhibit 1. The entries on this timesheet represent only a fraction of the time I spent working on this case. I did not record additional time that I spent reviewing internal emails, participating in internal strategy calls, addressing press inquiries, or performing other tasks. In the exercise of billing judgment, Plaintiffs are not seeking to recover for this time. In the further exercise of billing judgment, Plaintiffs also are not seeking to recover for 279.5 hours of my time that are detailed in Exhibit 1.

8.      All of my time for which Plaintiffs are seeking recovery was reasonably necessary for me to perform my role in the case, which assisted in securing summary judgment in Plaintiffs' favor.

9.      Defendant has objected to three of my time entries on the grounds that, allegedly, they provide "insufficient description of tasks." The first entry is

2

for 5.5 hours of work on January 18, 2021, which I described as "Motion to strike Thompson; Telephone call with DLH." As stated in the time entry for that same date for Plaintiffs' lead counsel, David Henkin, the parties had a dispute regarding the supplemental expert report that Defendant served from Dr. Jeffrey Thompson, and Mr. Henkin and I spent 1.3 hours discussing that dispute, including whether we should bring a motion to strike. The remainder of my time for that day (4.2 hours) was spent researching the grounds for striking the expert report. We ultimately did not bring the motion because the parties agreed that Plaintiffs would be allowed to provide a supplemental expert report responding to Dr. Thompson.

10.     The second entry is for 0.8 hours on May 1, 2021, which I described as "Telephone call with DLH re: Opp to Ds MSJ." That entry seems self-explanatory. I spoke with Mr. Henkin about how I could assist with preparing Plaintiffs' opposition to the motion for summary judgment that Defendant filed the day before (ECF No. 439), which my other time entry for May 1, 2021 states that I reviewed. The time entries for May 2 through 10, 2021 then detail the work I performed on Plaintiffs' reply, which focused primarily on preparing supporting expert declarations.

11.     While Defendant claims that the time that I spent on supportive expert declarations was "excessive," these declarations (ECF Nos. 444-2 and 444-3) were both lengthy and involved disputes over complex technical issues. Moreover, in the

3

exercise of billing judgment, I have already reduced the time Plaintiffs are seeking for my work on the declarations by 10.2 hours, which represents a reduction of nearly one-quarter (23%) off the 43.8 hours I actually spent on this task.

12.    Furthermore, while Defendant claims it was "duplicative" for me to review Defendant's motion for summary judgment and to discuss it with Mr. Henkin, I could not assist with responding to the motion if I had never read it.

13.    The third entry that Defendant claims has an insufficient description is for 0.3 hours on August 9, 2021, which I described as "revise AO 133, exhibits." This description is not unclear in any way. As my other time entries for early August indicate, I was drafting Plaintiffs' Bill of Costs. Form AO 133 is the Court's form for summarizing the costs that Plaintiffs sought to tax (*see* ECF No. 484), and Local Rule 54.1(c) requires that "[a]ny vouchers, bills, or other documents supporting the requested costs shall be attached as exhibits."

14.    To comply with Local Rule 54.1(c), Plaintiffs had to attach to their Bill of Costs "a memorandum setting forth the grounds and authorities supporting the request and an affidavit that the costs claimed are correctly stated, were necessarily incurred, and are allowable by law." That is a lawyer's task, not an "admin/paralegal" task, as Defendant claims. I did work with our litigation assistant, Julie Parks, on the Bill of Costs, and Ms. Park performed the administrative and paralegal tasks, for which Plaintiffs are not seeking an award.

4

I declare under penalty of perjury that I have read the foregoing declaration

and know the contents thereof to be true of my own knowledge.

DATED:  Honolulu, Hawai'i, September 27, 2021.

MAHESH CLEVELAND